United States Courts
Southern District of Texas
FILED

NOV 14 2019

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § § § § § § | CRIMINAL NO. **19 CR 832** |
| v. | |
| GERALD M. GOINES STEVEN O. BRYANT PATRICIA ANN GARCIA | **UNDER SEAL** |

### INDICTMENT

THE GRAND JURY CHARGES THAT:

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

### COUNT ONE
**(Deprivation of Rights Under Color of Law)**

On or about January 28, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant,

**GERALD M. GOINES,**

while acting under color of law as an officer with the Houston Police Department, prepared an affidavit for a search warrant that contained numerous material false statements, presented that affidavit to a State of Texas judicial officer, swore under oath to the truthfulness of the contents of that affidavit, obtained a search warrant based on that affidavit from that judicial officer for a residence at 7815 Harding Street, Houston, Texas, where Dennis Tuttle and Rhogena Nicholas resided, and executed that search warrant, thereby willfully depriving Dennis Tuttle of the right, secured and protected by the Constitution and laws of the United States, for people to be secure in

their persons, houses, papers and effects against unreasonable searches and seizures. This offense involved the use, attempted use and threatened use of a dangerous weapon, and resulted in the death of Dennis Tuttle and Rhogena Nicholas, and resulted in bodily injury to C.L., F.M., C.R., and T.W.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT TWO
### (Deprivation of Rights Under Color of Law)

On or about January 28, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant,

## GERALD M. GOINES,

while acting under color of law as an officer with the Houston Police Department, prepared an affidavit for a search warrant that contained numerous material false statements, presented that affidavit to a State of Texas judicial officer, swore under oath to the truthfulness of the contents of that affidavit, obtained a search warrant based on that affidavit from that judicial officer for a residence at 7815 Harding Street, Houston, Texas, where Dennis Tuttle and Rhogena Nicholas resided, and executed that search warrant, thereby willfully depriving Rhogena Nicholas of the right, secured and protected by the Constitution and laws of the United States, for people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures. This offense involved the use, attempted use and threatened use of a dangerous weapon, and resulted in the death of Rhogena Nicholas and Dennis Tuttle, and resulted in bodily injury to C.L., F.M., C.R., and T.W.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT THREE
### (Destruction, Alteration, or Falsification of Records in Federal Investigations and Bankruptcy)

On or about January 28, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant,

**GERALD M. GOINES**,

in relation to and in contemplation of a matter within the jurisdiction of an agency of the United States, knowingly made a false entry in a record, document, and tangible object with intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction. That is, defendant submitted a tactical plan in support of executing a search warrant at a residence located at 7815 Harding Street, Houston, Texas, knowing that his tactical plan contained several false statements, including that a confidential informant purchased heroin from 7815 Harding Street on January 27, 2019, and that weapons had been possessed by the purported suspect during the alleged purchase of the heroin.

In violation of Title 18, United States Code, Sections 1519 and 2.

## COUNT FOUR
### (Destruction, Alteration, or Falsification of Records in Federal Investigations and Bankruptcy)

On or about January 28, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant,

**GERALD M. GOINES**,

in relation to and in contemplation of a matter within the jurisdiction of an agency of the United States, knowingly made a false entry in a record, document, and tangible object with intent to

impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction. That is, defendant submitted an official Houston Police Department offense report regarding 7815 Harding Street, Houston, Texas, knowing that his report included a false claim that: "ON 01/27/2019, A NARCOTIC PURCHASE OF BROWN POWDER SUBSTANCE WAS PURCHASED FROM '7815 HARDING', BY A CONFIDENTIAL INFORMANT."

In violation of Title 18, United States Code, Sections 1519 and 2.

## COUNT FIVE
### (Tampering with a Witness, Victim, or an Informant)

On or about January 30, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant,

**GERALD M. GOINES,**

did corruptly attempt to obstruct, influence, and impede an official proceeding by falsely stating to a Houston Police Department officer that he had used a specific confidential informant (C.I. #1) to purchase drugs on or about January 27, 2019, at a residence located at 7815 Harding Street, Houston, Texas.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

## COUNT SIX
**(Tampering with a Witness, Victim, or an Informant)**

On or about January 31, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant,

### GERALD M. GOINES,

did corruptly attempt to obstruct, influence, and impede an official proceeding by falsely stating to a Houston Police Department officer that he had used a specific confidential informant (C.I. #2) to purchase drugs on or about January 27, 2019, at a residence located at 7815 Harding Street, Houston, Texas.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

## COUNT SEVEN
**(Tampering with a Witness, Victim, or an Informant)**

On or about February 13, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant,

### GERALD M. GOINES,

did corruptly attempt to obstruct, influence, and impede an official proceeding by falsely stating to investigators from the Houston Police Department that he had purchased drugs on or about January 27, 2019, at a residence located at 7815 Harding Street, Houston, Texas.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

## COUNT EIGHT
### (Destruction, Alteration, or Falsification of Records in Federal Investigations and Bankruptcy)

On or about January 30, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant,

### STEVEN O. BRYANT,

in relation to and in contemplation of a matter within the jurisdiction of an agency of the United States, knowingly made a false entry in a record, document and tangible object with intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction. That is, defendant an official Houston Police Department supplemental offense report, in which he falsely claimed that he "had previously assisted Officer Gerald Goines in the investigation on 1/27/19," and that defendant had identified a "brown powdery substance (Heroin)" he retrieved from Officer Goines's vehicle "as the narcotics purchased from 7815 Harding on 1/27/19."

In violation of Title 18, United States Code, Sections 1519 and 2.

## COUNT NINE
### (False Information and Hoaxes)

On or about January 8, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant,

### PATRICIA ANN GARCIA,

did intentionally convey false and misleading information, to wit: defendant placed multiple telephone calls to 911 emergency services in Houston, Texas and falsely claimed in these calls that

her daughter was inside a residence located at 7815 Harding Street, Houston, Texas, that she could see her daughter inside the home located there, that the residents of 7815 Harding Street were drug dealers and that the house was a drug house, that the female resident was a heroin dealer and an addict, that the residents had drugs and guns, including machine guns, inside the home, and that the residents were doing crack cocaine and heroin; under circumstances where such information may reasonably have been believed, that indicated that such an activity had taken place and was taking place, and that would constitute a violation of Title 18, United States Code, Sections 922(g)(3), 922(o) and 924(c), specifically, possession of a firearm by a user or addict of controlled substances, possession of a machinegun, and use of a firearm during and in relation to a drug trafficking crime and possession of a firearm in furtherance of a drug trafficking crime.

In violation of Title 18, United States Code, Sections 1038(a)(1) and 2.

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE
FOREPERSON OF THE GRAND JURY

RYAN K. PATRICK
United States Attorney
Southern District of Texas

Alamdar S. Hamdani
Assistant United States Attorney

Arthur R. Jones
Assistant United States Attorney

Sharad Khandelwal
Assistant United States Attorney

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

Jared Fishman
Special Litigation Counsel