UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL NO. H-19-CR-832-1 |
| | § | |
| GERALD M. GOINES | § | |

## UNITED STATES'S MOTION TO STAY RELEASE ORDER

The United States requests this Honorable Court stay Magistrate Judge Dena H. Palermo's November 26, 2019, order in the Southern District of Texas releasing the above defendant on bond in the instant case because the United States intends to seek a revocation of that release order from the Court. The United States asks this Court to continue the stay until the Court has conducted a *de novo* review of whether the defendant should be detained pending trial. The United States will file its motion to revoke the release order and to detain the defendant pending trial by November 27, 2019.

### I. BACKGROUND FACTS & PROCEDURAL HISTORY

**A. The Harding Street Search Warrant & Raid**

On January 28, 2019, Gerald Goines swore out an affidavit for a no-knock search warrant claiming he had probable cause to search 7815 Harding Street. The United States alleges that Goines knowingly falsified information in the affidavit for the search warrant, in which he described a fictitious purchase of heroin at the house by a confidential informant (CI) on January 27, 2019 from a "white male" in possession of a 9 millimeter caliber handgun. After securing the search warrant, Goines also completed a tactical plan for the search and a Houston Police

1

Department (HPD) offense report, both of which also contained the lies found throughout the search warrant affidavit.

Then at about 5:00 p.m. on January 28, 2019, about 20 officers with the Houston Police Department, including Goines, executed the no-knock search warrant for 7815 Harding Street. Within minutes of HPD breaching the front door of 7815 Harding Street, the homeowners, Dennis Tuttle and Rhogena Nicholas, were dead, their dog had been shot dead, and three officers were shot, including Goines, one other officer was hit by shrapnel, and a fifth officer suffered a severe knee injury. No heroin or a 9 mm gun was found in the home. In the wake of the botched raid on Harding Street, HPD conducted an investigation and sought to interview the fictional CI Goines mentioned in the search warrant affidavit. Goines allegedly obstructed that investigation by giving names of CIs he knew did not conduct the buy, and then falsely claimed it was he who conducted the buy on January 27, 2019, knowing all along that no such drug buy had taken place.

### B. The Indictment

On November 14, 2019, a federal grand jury in Houston returned a nine-count indictment against Goines, Steven O. Bryant (his former HPD partner) and Patricia Ann Garcia, a neighbor of Tuttle and Nicholas who made several 911 calls to HPD on January 8, 2019, falsely alleging that Tuttle and Nicholas were armed drug dealers, calls that set into motion the events of January 28, 2019. Seven of the nine counts are against Goines. The first two counts allege Goines violated the civil rights of Tuttle and Nicholas, and that these crimes resulted in their deaths. Those two counts each have a maximum sentence of life in prison without parole. The other five counts allege Goines obstructed justice by making a variety of false statements - each count carries a maximum sentence of up to 20 years in prison.

## II. THE REQUEST FOR A STAY

### A. The Magistrate Court's Release Order

As a result of the indictment against him, agents arrested Goines on Wednesday, November 20, 2019. Later that day he made his initial appearance where the United States moved for detention and the detention hearing was then set for Friday, November 22, 2019. After the November 22, 2019, detention hearing concluded, Judge Palermo took the matter of detention under advisement.

On Tuesday, November 25, 2019, Magistrate Judge Christina A. Bryan, the Magistrate Judge then on duty in Houston, read into the record Judge Palermo's decision to release the defendant on the following conditions: (1) a $150,000 unsecured bond, (2) 24-hour home confinement with certain exceptions, (3) GPS monitoring, and (4) various other conditions. At the hearing, the United States filed an oral motion to stay the release order so we could have time to file a motion to revoke Judge Palermo's release order under 18 U.S.C. § 3145(a)(1) with this Court, and for this Court to review and rule on the motion. Judge Bryan granted the motion to stay over the defense's objection. In requesting the stay, the United States also told Judge Bryan we would file the motion to revoke the release order by November 27, 2019. Judge Bryan asked that in the meantime the United States file a written motion to memorialize the request for the granted stay, which we have done in this motion.

### B. A Stay Is Appropriate When The District Court Is Reviewing A Release Order.

"If a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release. . . . The motion shall be determined

3

promptly." 18 U.S.C. § 3145(a). As Goines is charged in the Southern District of Texas, this Court has original jurisdiction over the offense and will be the proper forum to hear the Government's forthcoming Motion for Revocation of Order of Release.

The district court reviews a release order *de novo*. *See United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992) ("[T]he district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release"); *United States v. Delker*, 757 F.2d 1390, 1394-95 (5th Cir. 1985). The "simple preponderance standard" governs the flight risk determination, that is, a detention order should issue if "the judicial officer should determine that it is more likely than not that no condition or combination of conditions will reasonably assure the accused's appearance." *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985) (distinguishing this standard governing the flight risk determination with the higher "clear and convincing" burden of proof that governs detention based on danger to the community).

The Fifth Circuit has affirmed a district court's authority to issue a stay pending its *de novo* review of a release order. *See United States v. Brigham*, 569 F.3d 220, 229-30 (5th Cir. 2009). The Fifth Circuit explained that "given that the issue being reviewed involves a person's release from custody pending further legal proceedings, the absence of stay authority could render the district court's review power illusory." *Id*. (citing numerous cases in which courts stayed pretrial release orders pending district court review). *Brigham* also observed that because the review of a release order shall be determined "promptly," defendants are "protected from prolonged interim detention if a release order is later upheld." *Id*. *Brigham*, in reaching its conclusion that a stay is appropriate, cited to the rationale in a string of district court cases that stayed release orders "in the context of pre-trial detention." *Id.* at 230.

4

Thus, a stay of Judge Palermo's release order is appropriate while this Court reviews and considers the upcoming motion to revoke the release order, which the United States will file by November 27, 2019.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By: */s/Alamdar S. Hamdani*_____
ALAMDAR S. HAMDANI
Assistant United States Attorney
Texas Bar No. 24012771
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Phone: 713-567-9305
Fax: 713-718-3305

*/s/Arthur R. Jones*_____
Arthur R. Jones
Assistant United States Attorney
Southern District of Texas

*/s/Sharad Khandelwal*_____
Sharad Khandelwal
Assistant United States Attorney
Southern District of Texas

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

*/s/Jared Fishman*_____
Jared Fishman
Special Litigation Counsel
Civil Rights Division

## CERTIFICATE OF CONFERENCE

On November 26, 2019, counsel for defendant objected in court to the United States' oral motion for a stay of Judge Palermo's release order, and we presume they object to this written motion as well.

## CERTIFICATE OF SERVICE

This is to certify that on this 26th day of November, 2019, a true and correct copy of the foregoing was served electronically to counsel for the defendant.

*/s/ Alamdar S. Hamdani*
ALAMDAR S. HAMDANI
Assistant United States Attorney