IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | |
| § | CRIMINAL NO. H-19-CR-832-1 |
| GERALD M. GOINES § | |
| § | |

# DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION TO REVOKE RELEASE ORDER

At 5:40 on the eve of Thanksgiving, the government filed its promised motion to revoke Magistrate Palermo's order of release. The government's motion is an appeal of that order, and this Court's review will be *de novo*, there were no new developments warranting detention. In its latest motion, the government continues to try to bolster its position by more loudly voicing the details of its allegations. These allegations are but accusations, yet government continues to stand on the accusations it has yet to prove in trial as a primary reason for detention. The government has no choice but to continue to argue their case in this manner because, simply put, there is not a shred of evidence to support a conclusion that Mr. Goines is either a flight risk or a danger to the community.

Disappointingly, the government further seeks to support its argument with a pretrial services recommendation that was incomplete because of time constraints

and was submitted in its incomplete state so that Judge Palermo would have it available to her prior to the hearing. After the report was submitted, pretrial services only then had an opportunity to speak in detail with family and community members who could verify information like employment. Elyse Lanier, Christopher Sarofim and Kevin Robins all testified in person about Gerald Goines ongoing status as valued family companion and employment as well as to the fact that they would all be responsible to the Court for Mr. Goines's appearance in court and for his adherence to the rules. Rico Garcia testified about Mr. Goines career and his reputation, a career spanning over three decades. Mr. Garcia, a 35 year police veteran who worked side by side with Gerald Goines for decades, testified that Mr. Goines is a rule follower and has an excellent reputation in the department among colleagues. He also testified that Mr. Goines was within weeks of retirement at the time of these events. Ms. Burns testified that her firm, a business that specializes in conducting risk assessments to the point that they stake the very viability of their business on their judgments to write bonds, wrote $300,000 bonds in cases with the exact same punishment range as what the federal government's case. Ms. Burns further testified that her company would willingly write new bonds guaranteeing Mr. Goines's compliance, and that Mr. Goines had been wholly compliant with the conditions of bond in the state court cases. She also affirmed that the ankle monitor worn by Gerald Goines for at least two months can pinpoint his exact location in real

time down to the specific room in his house.  Mr. Goines was made available to federal pretrial services on a Wednesday afternoon, and pretrial turned in a report Thursday without the benefit interviewing any of these witnesses due to time constraints. Judge Palermo did have the benefit of hearing from these witnesses and has already heard all of the arguments the government now repeats in its motion to revoke.  The defense denies all of the sensational sounding, "lies" and "more lies" argument the government continues to present and eagerly awaits his trial.

The government also contends that Mr. Goines somehow misrepresented his employment and financial status to pretrial services.  The truth however, can be found in the testimony given at the detention hearing.  Elyse Lanier testified that Gerald and his family could live with her as family as the case was pending. Christopher Sarofim testified that he would be disappointed if Gerald represented himself to the Court as less than family or as a mere employee. Additional testimony was given that Gerald had been dealing with significant health consequences as the result of being shot in this incident, but that the Laniers, Sarofims and Robins would still welcome them in their homes to work when capable or to just be among them for support.  They each testified that they would stake their reputations on ensuring that Gerald Goines complied with all conditions of bond and would appear as required.  Mr. Goines is so trusted by each of the individuals who testified that he is a welcome guest in their homes and a mentor to their children. Mr. Goines's income

and ability to earn income has been dramatically affected by his injuries and Gerald Goines had no reason to imply any obligation on his loved ones to employ him when describing his circumstances to pretrial services, yet members of our community came to court to assure this Court they would not only employ him as allowed but would guarantee Gerald's compliance with any rules given.  Gerald Goines cried as they testified in court.  These people who had nothing to gain besides potential public scrutiny and potentially harsh treatment from the government for testifying in court for Gerald Goines did so proudly and without hesitation.

    Additionally, Mr. Goines has multiple surgeries remaining to treat him for the injuries sustained when he was shot in the face and neck by the individuals in the Harding Street location.  His next surgery is scheduled for December 11, 2019.  This surgery is a bilateral nasal endoscopy to deal with what may be a maxillary fungus ball, chronic ethmoidal sinusitis and chronic frontal sinusitis all a direct consequence of him being shot in January.  The surgery is to be performed by Dr. Luong and the recovery length in hospital will be determined after the surgery concludes.  There will be additional surgeries to follow if Mr. Goines's recovery is satisfactory to allow the next surgery.

"Pretrial detention implicates a liberty interest and thus may not be imposed contrary to the mandates of procedural due process. *E.g., Morrissey v. Brewer,* 408 U.S. 471, 482, 92 S.Ct. 2593, 260" *United States v. Delker*, 757 F.2d 1390, 1397 (3d

Cir. 1985). Here, we respectfully request that this Court consider the full transcript or audio recording of the hearing before the magistrate court. It is correct that this Court reviews the question of detention *de novo*, however, weight should be given to the decisions and proceedings below and should be considered as a factor in this Court's evaluation. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985). In *Fortna*, the Court reasoned that for the circuit court review of the district court's order, whether it be the initial detention or one issued in response to a motion to revoke or amend under 3145(a) or (b), the scope of the review is limited, and the order is to be sustained "if it is supported by the proceedings below". *United States v. Jessup,* 757 F.2d at 387-88 *Cf. United States v. Golding,* 742 F.2d 840, 841(5th Cir. 1984) (same standard under prior law). The Court recognized this in conjunction with the independent standard of appellate review per *Delker,* 757 F.2d at 1399-1400. With this precedent, it is appropriate for this Court to consider the decision and reasoning of the magistrate as a factor in making its determination in this matter.

The Constitution places limitations on pretrial detentions as set forth in the eighth amendment confirming that "[e]xcessive bail shall not be required, * * *" in

a criminal case, U.S. Const. amend. VIII, and the clearly expressed language of the Bail Reform Act of 1984 favors release over pretrial detention *United States v. Orta,* 760 F.2d 887, 890-91 (8th Cir.1985) (en banc).

Should this Court affirm the decision to release him, Mr. Goines will immediately continue abiding by the conditions, including wearing GPS monitor, that the state court assessed as well as abiding by the specific rules set forth by this Court.  Mr. Goines has also already been admonished concerning his conditions of bond in this court by Magistrate Judge Bryan.

There is absolutely no credible evidence that Mr. Goines has suddenly become a flight risk after facing the same charges in state court and abiding by strict rules for months.  There is absolutely no credible evidence that Mr. Goines poses any danger whatsoever to the community. We respectfully request that Mr. Goines be released on bond as believed appropriate by the magistrate court after the three hour hearing and thoughtful consideration by the magistrate court.

Respectfully submitted,

*/s/ Nicole DeBorde*
NICOLE DEBORDE
Federal ID No. 16839
TBA No. 00787344
3515 Fannin Street
Houston, Texas 77004

Telephone: (713) 526-6300
Facsimile: (713) 808-9444

Attorney for Defendant,
GERALD M. GOINES

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Response has been delivered to AUSA Alamdar Hamdani via ECF filing to Alamdar.Hamdani@usdoj.gov on this the 29th day of November 2019.

/s/ Nicole DeBorde
NICOLE DEBORDE