Case 4:19-cr-00832 Document 43 Filed on 12/04/19 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
December 04, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:19-CR-832 |
| | § | |
| GERALD M GOINES | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is the United States Government's ("the Government") motion for revocation of Magistrate Judge Palermo's order releasing Defendant Gerald M. Goines ("Goines"). The motion (Dkt. 35) is **DENIED**. Goines's motions to lift the stay on Magistrate Judge Palermo's order granting bond (Dkt. 33 and Dkt. 34) are **GRANTED**.

### I.  BACKGROUND FACTS

A federal grand jury indicted Goines, a former police officer who worked for the Houston Police Department ("HPD") for 34 years, for lying to a Houston municipal judge to procure a no-knock search warrant; submitting a written tactical plan and offense report that contained more false statements; and then lying to investigators after a raid facilitated by the fraudulently procured warrant killed two civilians and injured several HPD officers (including Goines, who was shot in the face and neck).[1] Goines has also

---

[1] Specifically, the grand jury returned an indictment against Goines for two counts of deprivation of rights under color of law in violation of 18 U.S.C. § 242; two counts of destruction, alteration, or falsification of records in federal investigations and bankruptcy in violation of 18 U.S.C. §

been charged by complaint with felony murder in Texas state court for his actions related to the raid. *See* case numbers 1643519 and 1643520 in the 228th District Court of Harris County, Texas. The Texas state court released Goines on a bond of $150,000.

After a nearly-three-hour evidentiary detention hearing at which six witnesses testified, Magistrate Judge Palermo took the detention issue under advisement. Four days later, Magistrate Judge Bryan read Magistrate Judge Palermo's ruling into the record. Having considered the evidence, Magistrate Judge Palermo ordered Goines released but imposed several conditions, including: a $150,000 unsecured bond; an order for Goines to remain in 24-hour home confinement with GPS monitoring; a prohibition on Goines's possessing a firearm, destructive device, or other weapon; a prohibition on Goines's obtaining employment as a security guard or a law enforcement officer; a prohibition on Goines's selling his home; a prohibition on Goines's directly or indirectly contacting witnesses, victims, co-defendants, or confidential informants; a prohibition on Goines's keeping or obtaining a passport; and an order for Goines's wife to serve as a third-party custodian and inform Pretrial Services if Goines does not comply with his bond conditions (Dkt. 42). Magistrate Judge Palermo also ordered Goines to comply with all conditions imposed by the pretrial supervision orders in his related Texas state-court cases (Dkt. 42). Magistrate Judge Bryan granted the Government's oral motion to stay Magistrate Judge Palermo's release order until the Government could file this written motion to revoke under 18 U.S.C. § 3145(a)(1).

---

1519; and three counts of tampering with a witness, victim, or informant in violation of 18 U.S.C. § 1512(c)(2) (Dkt. 1).

## II.     THE APPLICABLE LEGAL STANDARDS

18 U.S.C. § 3145 allows the Government to file a motion with the district court to revoke a magistrate judge's pretrial release order. 18 U.S.C. § 3145(a)(1). When ruling on such a motion to revoke, the district court is required to make an independent, de novo determination of the proper pretrial detention or conditions for release. *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992). The district court need not, however, conduct a second evidentiary hearing in the absence of newly developed evidence not presented before the magistrate judge. *United States v. Farguson*, 721 F. Supp. 128, 129 n.1 (N.D. Tex. 1989); *see also United States v. Hensler*, 18 F.3d 936, 1994 WL 83436, at *1–2 (5th Cir. 1994), *cert. denied*, 513 U.S. 859 (1994). In the absence of newly developed evidence not presented before the magistrate judge, "the district court has the discretion to conduct its de novo review by examining the pleadings and the evidence which was developed before the magistrate judge and then adopting the magistrate judge's pretrial [release] order." *Hensler*, 18 F.3d 936, 1994 WL 83436, at *2.

Under the Bail Reform Act, a defendant shall be released pending trial unless a judicial officer determines that no condition or combination of conditions on the defendant's release will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *see also* 18 U.S.C. § 3142(e)(1). "The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the

community, take into account the available information concerning[:] (1) the nature and circumstances of the offense charged[;] (2) the weight of the evidence against the person; (3) the history and characteristics of the person[;][2] and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). The determination of whether conditions of release can be imposed that will reasonably assure the appearance of the person as required is made using the preponderance-of-the-evidence standard, while the determination of whether conditions of release can be imposed that will reasonably assure the safety of any other person and the community is made using the clear-and-convincing-evidence standard. *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985).

### III. THE GOVERNMENT FAILED TO MEET ITS BURDEN.

Following de novo review of the detention hearing and the record of the proceedings before Magistrate Judge Palermo and Magistrate Judge Bryan, and having considered the statutory factors under 18 U.S.C. § 3142(g), the Court finds that the Government failed under the applicable burden of proof to meet its burden to establish that no conditions of release will reasonably assure Goines's appearance as required and the safety of any other person and the community. Rather, the Court finds, based on the evidence presented at the detention hearing and the record of the proceedings before

---

[2] The "history and characteristics of the person" include "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings" as well as "whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law[.]" 18 U.S.C. § 3142(g)(3).

Magistrate Judge Palermo and Magistrate Judge Bryan, that the conditions specified by Magistrate Judge Palermo are sufficient.

As Magistrate Judge Palermo noted in a hearing held on November 25, 2019, the Government presented no evidence that Goines is a flight risk apart from the severity of Goines's potential sentence, which alone will not satisfy the Government's burden. *United States v. Friedman*, 837 F.2d 48, 50 (2d Cir. 1988) ("In other cases concerning risk of flight, we have required more than evidence of the commission of a serious crime and the fact of a potentially long sentence to support a finding of risk of flight."). Moreover, as Magistrate Judge Palermo further noted, the Texas state court released Goines on bond several months before the Government arrested him, and Goines has complied with the conditions of the pretrial supervision orders on his Texas state charges. *Cf. United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986) ("As the government concedes, the record indicates that the defendant when previously accused of similar crimes and not detained always appeared in court as required."). In its motion to revoke Magistrate Judge Palermo's order, the Government argues that Goines's "history of deceit and lawlessness" tilts the scale in its favor (Dkt. 35 at p. 12). If Goines is indeed guilty of the crimes for which he has been indicted, he may well be a deceitful person. But that is a question for a jury and for another day: the purpose of a flight-risk determination "is not to detain habitual criminals or deceitful persons; it is to secure the appearance of the accused at trial." *Id*. Magistrate Judge Palermo correctly concluded that the Government presented insufficient evidence showing that no conditions of release will reasonably assure Goines's appearance as required.

Magistrate Judge Palermo also correctly concluded that the Government presented insufficient evidence that no conditions of release that could be imposed on Goines will reasonably assure the safety of any other person and the community. As with its flight-risk argument, the Government has relied on the nature of Goines's alleged crimes to show by clear and convincing evidence that he will pose a continuing danger to the community if not detained. However, Goines no longer has the powers vested in a police officer, and the Government presented no other evidence showing that his release on bond will endanger the community.

The Government's motion under 18 U.S.C. § 3145(a)(1) for revocation of Magistrate Judge Palermo's order releasing Defendant Gerald M. Goines (Dkt. 35) is **DENIED**. Defendant Gerald M. Goines's motions to lift the stay on Magistrate Judge Palermo's order granting bond (Dkt. 33 and Dkt. 34) are **GRANTED**.

SIGNED this day 4th day of December, 2019.

_____
George C. Hanks Jr.
United States District Judge